**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Jennifer Grant, on behalf of herself and all other persons similarly situated, | DOCKET NO. _____ |
| Plaintiff, | |
| - vs. – | **COMPLAINT** |
| Irene Manolias and Sarene Services Inc. d/b/a Serene Home Nursing Agency, | **COLLECTIVE ACTION** |
| Defendants. | |

Plaintiff Jennifer Grant, by and through her undersigned attorneys, for her complaint against defendants Irene Manolias and Sarene Services Inc. d/b/a Serene Home Nursing Agency alleges as follows, on behalf of herself and all other persons similarly situated:

## NATURE OF THE ACTION

1.  Plaintiff Jennifer Grant alleges, on behalf of herself and all other similarly situated current and former employees of defendants of Irene Manolias and Sarene Services

Inc. d/b/a Serene Home Nursing Agency ("SSI") who elect to
opt into this action pursuant to the Fair Labor Standards Act
("FLSA"), 29 U.S.C. § 216(b), that she is entitled to: (i)
compensation for wages paid at less than the statutory minimum
wage, (ii) unpaid wages from Defendants for overtime work for
which she did not receive overtime premium pay as required by
law, (iii) compensation to pay wages for all hours worked;
(iv) compensation for SSI's failure to pay Plaintiff on time,
and (v) liquidated damages pursuant to the FLSA, 29 U.S.C. §§
201 et seq., because the Defendants' violations lacked a good
faith basis.

     2.   Ms. Grant further complains that under the New York
Labor Law she is entitled to (i) compensation for wages paid
at less than the statutory minimum wage; (ii) back wages for
failure to pay wages for all hours worked; (iii) back wages
for overtime work for which Defendants willfully failed to
pay overtime premium pay as required by the New York Labor
Law §§ 650 et seq. and the supporting New York State
Department of Labor regulations; (iv) compensation for
Defendants' violations of the spread-of-hours requirements of
New York Labor Law; (v) compensation for Defendants' failure
to the full compensation owed under New York's Wage Parity
Act, Public Health Law § 3614-c; (vi) liquidated damages
pursuant to New York Labor Law for these violations; and (vii)

statutory damages for Defendants' violation of the Wage Theft Prevention Act.

## **THE PARTIES**

3.   Plaintiff Grant is an adult individual residing in Queens, New York.

4.   Ms. Grant consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

5.   Sarene Services Inc. (hereinafter "SSI") is a New York corporation with a registered business address at 29 Whittier Avenue, Medford, NY, 11763.

6.   Defendant SSI owns and operates a home health care service, placing home health and personal care aides at the homes of patients in Long Island, New York, patients who have medical and personal care needs.

7.   At all relevant times herein, defendant SSI was a licensed home health care agency with contractual relationships with one or more managed care plans under which defendant SSI was reimbursed by such managed care plans for services performed by its HHA employees.

8.   At all relevant times herein, SSI was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9.   At all relevant times, defendant SSI has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10.   Upon information and belief, at all relevant times, defendant SSI has had gross revenues in excess of $500,000.00.

11.   Upon information and belief, at all relevant times herein, defendant SSI has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

12.   Upon information and belief, defendant Irene Manolias is an owner or part owner and principal of SSI, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

13.   Defendant Irene Manolias was involved in the day-to-day operations of SSI and played an active role in managing the business.

14.   At all relevant times herein, Defendants constituted "employers" of Plaintiff Grant as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

15.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Ms. Grant's state law claims

pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Ms. Grant's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district.

<u>**COLLECTIVE ACTION ALLEGATIONS**</u>

17. Pursuant to 29 U.S.C. § 206 and § 207, Ms. Grant seeks to prosecute her FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by Defendants in the United States at any time since January 12, 2019, to the entry of judgment in her case (the "Collective Action Period"), who were employees of SSI, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek, and were not paid properly under New York's Wage Parity Act (the "Collective Action Members").

18. The Collective Action Members are similarly situated to Ms. Grant in that they were employed by Defendants as non-exempt employees and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week, and/or were not paid properly under New York's Wage Parity Act.

19.  They are further similarly situated in that the Defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

20.  Ms. Grant and the Collective Action Members perform or performed the same or similar primary duties and were subjected to the same policies and practices by Defendant.

21.  The exact number of such individuals is presently unknown, but is known by Defendants and can be ascertained through appropriate discovery.

## FACTS

22.  At all relevant times herein, Defendants owned and operated a home health agency in Long Island, New York, New York.

23.  Defendant SSI is a domestic business corporation organized under the law of the State of New York with a principal place of business at 42 Academy Street, Patchogue, New York, 11772.

24.  Ms. Grant was employed as a home health aide ("HHA") at SSI from approximately August 20, 2019, until December 6, 2021, working in Queens, Brooklyn, and Long Island the overwhelming majority of that time.

25.  Plaintiff's work was performed in the normal course of Defendants' business and was integrated into the business

of Defendants and did not involve executive or administrative responsibilities.

26. At all relevant times herein, Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

27. During her employment by defendant SSI, the plaintiff worked a regular schedule of five to seven days per week, each workday usually consisting of a 24-hour shift.

28. As a result, Plaintiff was working approximately 120 to 168 hours per week during her employment with the Defendants.

29. Plaintiff was paid weekly, at a rate of between $17 or $18 per hour, by direct deposit check throughout her employment by the Defendants.

30. Plaintiff was issued pay stubs by Defendants indicating hourly wages of $17 from 2019 to 2020 and $18 per hour in 2021, however her pay stubs only indicated 13 hours per day, instead of the 24 hours per day that plaintiff usually worked.

31. During 2019 and 2020, Plaintiff Grant worked seven live-in shifts per week for patient "Cynthia" in Port Jefferson. Plaintiff's sleep was interrupted three to four nights per week with this patient.

32.  In 2021, Plaintiff Grant would work alternating weeks of seven live-in shifts per week followed by seven days off for patient "Susan."

33.  While work with "Susan", Plaintiff Grant was woken up nightly every 1-2 hours.

34.  Defendants only paid Plaintiff for 13 hours per day, even though Plaintiff usually did not get five uninterrupted hours of sleep each night that she was working for Defendants.

35.  When Plaintiff described to the patient coordinator her overnight work situation and frequent sleep interruption issues, Plaintiff was instructed to log additional hours in her time records.

36.  However after Plaintiff submitted time records to Defendants indicating just one additional hour per day for her next pay cycle, Plaintiff Grant's employment was terminated by Defendants.

37.  Plaintiff's effective rate of pay was sometimes below the statutory New York City minimum wage in effect at relevant times.

38.  Defendants' failure to pay Plaintiff an amount at least equal to the New York City minimum wage in effect during relevant time periods was willful and lacked a good faith basis.

39.   Defendants also failed to pay Plaintiff wages for all hours worked, because Plaintiff usually did not receive at least five uninterrupted hours of sleep per day, and thus usually worked 24-hour shifts on most workdays.

40.   Plaintiff Grant complained to the SSI care coordinators by telephone on multiple occasions during her employment by telephone about the sleep interruptions she usually experienced while working for Defendants.

41.   In addition, Defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

42.   Defendants' failure to pay Plaintiff the overtime bonus for overtime hours worked was willful and lacked a good faith basis.

43.   Throughout Plaintiff's employment by Defendants, Defendants' uniform payroll practice was to pay its HHA's every Friday but to delay such payments by at least one week.

44.   Thus, each paycheck issued by Defendants to each Plaintiff represented wages for the week commencing on the Saturday thirteen days before the date of such paycheck and ending on the following Friday seven days before the date of such paycheck.

45.   Defendants' failure to pay Plaintiff promptly was willful and lacked a good faith basis.

46.   Defendants also failed to pay Plaintiff an additional hour's pay at the New York minimum wage for each shift that exceeded 10 hours, in violation of New York labor law and its supporting regulations.

47.   Defendant SSI received reimbursements from one or more managed care plans funded by New York State Medicaid funds for Plaintiff's services.

48.   Defendants failed to pay Plaintiff the total minimum compensation required the Wage Parity Law.

49.   Defendants failed to provide Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, Defendants' contact information, Plaintiff's regular and overtime rates, and intended allowances claimed – and failed to obtain her signature acknowledging the same, upon her hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

50.   Defendants failed to provide Plaintiff with accurate weekly records of her compensation and hours worked, in violation of the Wage Theft Prevention Act.

51.   Upon information and belief, throughout the period of Plaintiff's employment, both before that time (throughout

the Collective Action Period) and continuing until today, Defendants likewise employed other individuals like Plaintiff (the Collective Action Members) in positions at the Defendants' HHA agency that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

52. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

53. Upon information and belief, Defendants failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

54. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet Defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

55. Upon information and belief, these other individuals have worked daily shifts exceeding 10 consecutive hours, yet Defendants failed to pay them an additional hour's pay at the applicable minimum wage for each such shift.

56.   Upon   information   and   belief,   these   other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

57.   Upon   information   and   belief,   while   Defendants employed Plaintiff and the Collective Action members, and through  all  relevant  time  periods,  Defendants  failed  to maintain  accurate  and  sufficient  time  records  or  provide accurate records to employees.

58.   Upon   information   and   belief,   while   Defendants employed  Plaintiff  and  the  Collective  Action  members,  and through all relevant time periods, Defendants failed to post or  keep  posted  a  notice  explaining  the  minimum  wage  and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (New York Labor Law — Minimum Wage)

59.   Plaintiff, on behalf of herself and all Collective Action  Members,  repeats,  realleges,  and  incorporates  by reference the foregoing allegations as if set forth fully and again herein.

60.   At  all  relevant  times,  Plaintiff  was  employed  by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

61.   Defendants willfully violated Plaintiff's rights by failing to pay her compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

62.   Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

63.   Due to Defendants' New York Labor Law violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT II

### (New York Labor Law – Failure to Pay For All Hours Worked)

64.   Plaintiff, on behalf of herself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

65.   At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

66.  At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff for all hours worked, and instead only paid Plaintiff for thirteen hours each day, even though Plaintiff usually did not receive five hours of uninterrupted sleep each night.

67.  As a result of Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action Members, for all hours worked, Defendants violated the NYLL.

68.  Such conduct by Defendants was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

69.  Due to Defendants' New York Labor Law violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (Fair Labor Standards Act - Overtime)

70.  Plaintiff, on behalf of herself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

71.  At all relevant times, Defendants employed Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

72.  At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to its employees for hours they worked in excess of forty hours per workweek.

73.  As a result of Defendants' willful failure to compensate its employees, including Ms. Grant, and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendants have violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

74.  The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

75.  Due to Defendants' FLSA violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of their action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV

### (New York Labor Law - Overtime)

76.   Plaintiff, on behalf of herself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

77.   At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

78.   Defendants willfully violated Plaintiff's rights by failing to pay her overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

79.   Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

80.   Due to Defendants' New York Labor Law violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

16

## COUNT V

### (Fair Labor Standards Act – Failure to Pay Wages Promptly)

81.  Plaintiff, on behalf of herself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

82.  At all relevant times, Defendants employed Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

83.  Defendants engaged in a widespread pattern, policy and practice of failing to promptly pay Plaintiff and the Collective Action Members.

84.  The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

85.  Due to Defendants' FLSA violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants damages for the failure to pay promptly, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of their action, pursuant to 29 U.S.C. § 216(b).

## COUNT VI

### (New York Labor Law – Failure to Pay Wages Timely)

86.    Plaintiff, on behalf of herself and all Collective Action Members repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

87.    At all relevant times, Plaintiff was employed by the Defendants and employed as a manual worker within the meaning of the New York Labor Law, §§ 2 and 651, and § 191(1)(a)(i).

88.    Defendants failed to pay Plaintiff and the Collective Action Members in a timely manner in violation of NYLL § 191(1)(a)(i).

89.    Defendants' failure to pay Plaintiff in a timely manner was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

90.    Due to Defendants' New York Labor Law violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants damages for late payment of wages, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT VII

### (New York Labor Law – Wage Parity Law Violations)

91.   Plaintiff, on behalf of herself and all Collective Action Members repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

92.   At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

93.   At all relevant times, Defendants failed to pay Plaintiff and the Collective Action Members the applicable total compensation required under the Wage Parity Law.

94.   Defendants' failure to pay Plaintiff and the Collective Action Members the total compensation as required by the Wage Parity Law was willful and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

95.   Due to Defendants' New York Labor Law violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants damages for Defendants' failure to pay the total compensation required under the Wage Parity Law, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT VIII

### (New York Labor Law – Spread of Hours)

96.   Plaintiff, on behalf of herself and all Collective Action Members repeats, realleges and incorporates by reference the foregoing allegations as if set forth fully again herein.

97.   At all relevant times, Plaintiff was employed by the Defendants within the meaning of New York Labor Law §§ 2 and 651.

98.   Defendants willingly violated Plaintiff's rights by failing to pay them an additional hour's pay at the minimum wage for each day they worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor Law § 198, § 163 and supporting regulations.

99.   Defendants' failure to pay Plaintiff and the Collective Action Members the spread-of-hours compensation was willful and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

100. Due to Defendants' New York Labor Law violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IX

### (New York Labor Law — Wage Theft Prevention Act)

101. Plaintiff, on behalf of herself and all Collective Action Members repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

102. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

103. Defendants willfully violated Plaintiff's rights by failing to provide her with the wage notice required by the Wage Theft Prevention Act when she was hired, or at any time thereafter.

104. Defendants willfully violated Plaintiff's rights by failing to provide her with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

105. Due to Defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff and the Collective Action Members are entitled to recover from the Defendants statutory damages of $250 per day from 2016 through the end of their employment, up to the maximum statutory damages.

106. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff and the Collective Action Members are entitled to recover from the Defendants statutory damages of $50 per day from 2016 to the termination of their employment, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of their action, permitting them to assert timely FLSA claims in their action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Ms. Grant and her counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.  An injunction against the Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.  Compensatory damages for failure to pay wages for all hours worked under the FLSA and New York Labor Law;

f.  Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law;

g.  Compensatory damages for failure to pay wages promptly under the FLSA;

h.  Compensatory damages for failure to pay wages timely under the New York Labor Law;

i.  Compensatory damages for failure to pay total compensation required by the New York Wage Parity Law;

j.  Compensatory damages for failure to pay the spread-of-hours compensation pursuant to New York Labor Law;

k.  An award of liquidated damages as a result of Defendants willful failure to pay the statutory minimum wage, overtime and prompt compensation pursuant to 29 U.S.C. § 216;

l.  Liquidated damages for Defendants' New York Labor Law violations;

m.  Statutory damages for Defendants' violation of the New York Wage Theft Prevention Act;

n.  Back pay;

o.  Punitive damages;

p.  An award of prejudgment and post-judgment interest;

q.  An award of costs and expenses of their action together with reasonable attorneys' and expert fees; and

r.  Such other, further, and different relief as the Court deems just and proper.

Dated: September 12, 2022

/s/ Michael Samuel

Michael Samuel (MS 7997)
THE SAMUEL LAW FIRM
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
Attorneys for Plaintiff,
*Individually and on behalf of an
FLSA collective action*